**SLIP. OP. 99-36**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE: SENIOR JUDGE NICHOLAS TSOUCALAS

|  |  |
|---|---|
| THE TIMKEN COMPANY, | : |
| Plaintiff and Defendant-Intervenor, | : |
| v. | : |
| UNITED STATES, | : Consol. Court No. 96-12-02686 |
| Defendant, | : |
| NTN BEARING CORPORATION OF AMERICA, AMERICAN NTN BEARING MANUFACTURING CORPORATION and NTN CORPORATION; NSK LTD. and NSK CORPORATION, | : |
| Defendant-Intervenors and Plaintiffs, | : |
| AMERICAN HONDA MOTOR CO., INC., HONDA OF AMERICA MFG., INC. and HONDA MOTOR CO., LTD., | : |
| Defendant-Intervenors. | : |

<u>JUDGMENT</u>

On December 3, 1997, this Court remanded to the Department of Commerce, International Trade Administration ("Commerce") several issues arising from the final results of the administrative review, entitled <u>Tapered Roller Bearings and Parts Thereof, Finished and Unfinished, From Japan and Tapered Roller Bearings, Four Inches or</u>

Less in Outside Diameter, and Components Thereof, From Japan; Final Results of Antidumping Duty Administrative Reviews and Revocation in Part of an Antidumping Finding, 61 Fed. Reg. 57,629 (Nov. 7, 1996) ("Final Results"). See Timken Co. v. United States, 21 CIT __, 989 F. Supp. 234 (1997). The Court ordered Commerce, inter alia, to treat NSK Ltd. and NSK Corporation's ("NSK") return rebates as direct expenses.

On April 21, 1998, Commerce released draft remand results in this action and invited interested parties to comment. In NSK's comments to the draft remand results, NSK argued that Commerce erred in its calculation of foreign market value ("FMV") by treating NSK's return rebates as price adjustments rather than promotional expenses as Commerce had done in three determinations decided between the original Final Results and the remand.

On June 1, 1998, in compliance with this Court's remand order, Commerce filed its Final Results of Redetermination Pursuant to Court Remand ("Remand Results"). In the Remand Results, Commerce treated NSK's return rebates as direct expenses, but nonetheless denied any adjustment to FMV for such expenses because the reported amounts could not be tied to specific transactions.

The Court finds that Commerce correctly treated NSK's return rebates as direct expenses pursuant to this Court's order in

determining that the rebates constituted direct price adjustments. Commerce's prior treatment of NSK's return rebates as promotional expenses in previous determinations has no bearing on the Final Results of this case.

Commerce having complied with this Court's remand order, it is hereby

**ORDERED** that the Remand Results are affirmed in their entirety, and all issues having been previously decided, it is further

**ORDERED** that this case is dismissed.

NICHOLAS TSOUCALAS
SENIOR JUDGE

Dated: April 16, 1999
       New York, New York